UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DENNIS MEEHAN,

                      Plaintiff,

               v.                                   9:06-CV-769
                                                           (FJS/GJD)

STATE OF NEW YORK; NYS DEPARTMENT OF
CORRECTIONAL SERVICES; CORCRAFT INDUS.;
GOVERNOR GEORGE PATAKI; COMMISSIONER
GLENN S. GOORD; JOHN DOE #1, Commissioner/
President of Corcraft; JOHN DOE #2, Superintendent,
Auburn Correctional Facility; JOHN DOE #3,
Plant Superintendent, Auburn Correctional Facility;
SAXTON, Head Supervisor, Corcraft, Auburn
Correctional Facility; and NELSON, Deputy Supt.
of Programs, Auburn Correctional Facility,

                      Defendants.

_____

**APPEARANCES**

**DENNIS MEEHAN**
92-B-2787
Upstate Correctional Facility
309 Bare Hill Road
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

      The Clerk of the Court has sent Plaintiff Dennis Meehan's complaint to the Court for its review. *See* Dkt. No. 1. In addition, Plaintiff, who has not paid the statutory filing fee for this action, seeks leave to proceed *in forma pauperis*. *See* Dkt. No. 2.

## II. DISCUSSION

A.     **Plaintiff's** *in forma pauperis* **application**

After reviewing the information that Plaintiff provided to the Court in his *in forma pauperis* application, the Court concludes that he has established sufficient economic need. Therefore, the Court grants Plaintiff's application to commence this action *in forma pauperis*.

B.     **The complaint**

Since the Court has found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[1]

Thus, although the court has the duty to show liberality towards *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (citations omitted), the court still has a responsibility to determine that a claim is not frivolous before permitting the plaintiff to proceed

---

[1] To determine whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

with an action *in forma pauperis*.[2]

In his complaint, Plaintiff claims that, during his incarceration at Auburn Correctional Facility, asbestos-laden materials were removed from the facility without compliance with applicable governmental regulations. *See* Dkt. No. 1 at 3. Plaintiff also contends that he was repeatedly exposed to friable asbestos during the course of his employment as a sanitation worker at the facility and as a porter at Industry/Corcraft, as well as in his housing unit. Plaintiff asserts that his exposure to asbestos posed a substantial risk of serious harm and that Defendants acted with deliberate indifference to his health and safety. *See id.* at 4-7. Finally, Plaintiff states that his efforts to resolve these issues through the grievance procedure at the facility were unsuccessful; therefore, he seeks an award of damages. *See id.* at 7-8.

In addition to several individual officials and employees of the Department of Correctional Services ("DOCS"), Plaintiff has named the State of New York, DOCS, and Corcraft Industries as Defendants in this action. The Eleventh Amendment to the United States Constitution prohibits federal courts from exercising jurisdiction over suits against non-consenting states. *See* U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988) (citations omitted); *Amankwaah v. Cayuga County*, No. 920CV01103, 1992 WL 296459, *2-*3 (N.D.N.Y. Oct. 16, 1992) (citations omitted). New York State has not waived its immunity from suit on the claims that Plaintiff has asserted in his complaint; nor is New York State considered a person for § 1983 purposes. *See Amankwaah*, 1992 WL 296459, at *3 (citation omitted). Moreover, to the extent that Plaintiff seeks monetary

---

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *see Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources, *see Neitzke*, 490 U.S. at 327.

relief from DOCS, the Court advises him that "[a]gencies of the state, such as DOCS, are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest." *Santiago v. N.Y.S. Dep't of Corr. Servs.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (citations omitted). Thus, the Eleventh Amendment bars suits against DOCS for money damages. *See Denis v. N.Y.S. Dep't of Corr. Servs.*, No. 05 Civ. 4495, 2006 WL 217926, *12 (S.D.N.Y. Jan. 20, 2006) (citations omitted). Similarly, "[b]ecause Corcraft is merely a trade name for one of DOCS's divisions, it likewise is immune from suit." *Allah v. Juchnewioz*, No. 93 CIV 8813, 2003 WL 1535623, *3 (S.D.N.Y. Mar. 24, 2003) (citation omitted). Accordingly, the Court hereby dismisses New York State, DOCS and Corcraft Industries as Defendants in this action with prejudice.

The Court also notes that Plaintiff has asserted claims against three individuals whom he identifies only by their position at Corcraft Industries and at Auburn Correctional Facility. *See* Dkt. No. 1 at 2. The United States Marshals Service can only effect service of a summons and complaint on identifiable individuals. The Court, therefore, directs Plaintiff to take reasonable steps through available discovery to ascertain the identity of these individuals.[3] If Plaintiff fails to ascertain the identities of the "John Doe" Defendants so as to permit the timely service of process upon these individuals, the Court will dismiss this action against them.

### III. CONCLUSION

Accordingly, having reviewed the entire file in this case and the applicable law and for

---

[3] When he learns the identity of these individuals, Plaintiff must amend his complaint to reflect the actual names of these individuals.

the above-stated reasons, the Court hereby

ORDERS that Plaintiff's *in forma pauperis* application is **GRANTED**.[4]  The Clerk of the Court shall provide the superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's authorization form and notify that official that Plaintiff has filed this action and that he is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and the Court further

ORDERS that New York State, DOCS, and Corcraft Industries are **DISMISSED** as Defendants in this action with prejudice; and the Court further

ORDERS that the Clerk of the Court shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the remaining Defendants.  The Clerk of the Court shall also forward a copy of the summons and complaint to the Office of the New York State Attorney General, together with a copy of this Order; and the Court further

ORDERS that Defendants or their counsel shall file a response to Plaintiff's complaint as provided for in the Federal Rules of Civil Procedure after service of process on Defendants; and the Court further

ORDERS that Plaintiff shall take reasonable steps to ascertain the identities of the "John Doe" Defendants to whom he refers in his complaint; and the Court further

ORDERS that the Clerk of the Court shall provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and the Court further

---

[4] Although the Court is granting Plaintiff's *in forma pauperis* application, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERS** that **any paper that a party sends to the Court or to the Clerk of the Court must be accompanied by a certificate showing that the party has served a true and correct copy of the same on all opposing parties or their counsel.  The Clerk of the Court shall return, without processing, any document that he receives that does not include a proper certificate of service.**  Moreover, Plaintiff must comply with any requests of the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with this District's Local Rule 7.1 in filing motions.  Finally, **Plaintiff is required to notify the Clerk's Office and all opposing parties or their counsel promptly of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: October 11, 2006
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge